[903 NYS2d 760]

In the Matter of CHRISTINE A. SCOFIELD, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 2, 2010

### APPEARANCES OF COUNSEL

*Mary E. Gasparini, Senior Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*William R. Morgan*, Syracuse, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 20, 1979, and maintains an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of misconduct, including misappropriating client funds, commingling client funds with personal funds and failing to maintain and provide the records of her attorney trust account as requested by the Grievance Committee. Respondent filed an answer admitting the material allegations of the petition, and she appeared before this Court and submitted matters in mitigation.

Respondent admits that she used funds held in trust for specific clients to pay obligations owed by other clients; that she deposited personal funds into her trust account and used trust account funds to pay operating expenses; that she did not have in place an accounting system to ensure that she did not misappropriate client funds; and that she did not keep and maintain required records. Additionally, respondent admits that she failed to disburse funds entrusted to her by a client for payment of restitution owed to a business that was later dissolved.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling and misappropriating client funds with personal funds;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into her possession and to render appropriate accounts to the client or third person regarding them;

DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2])—failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed; and

DR 9-102 (j) (22 NYCRR 1200.46 [j])—failing to produce any such records as specified and required by the disciplinary rules.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including the fact that the misconduct resulted from her lack of attention to the maintenance of her records and accounts at a time when her judgment was affected by medical concerns and personal problems. Additionally, we have considered the submission of respondent that she has hired an accountant to assist her in implementing a new record keeping system and has made arrangements to remit to the Lawyers' Fund for Client Protection the restitution funds owed by her former client. Finally, we have considered respondent's expression of remorse for the misconduct and respondent's previously unblemished record after practicing law for a period of 31 years. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

MARTOCHE, J.P., PERADOTTO, CARNI, LINDLEY and GREEN, JJ., concur.

Order of censure entered.